UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES FLOWERS,<br><br>  Plaintiff - Appellant,<br><br>V.<br><br>SAUSE BROS., INC.,<br><br>  Defendant - Appellee. | No. 04-16026<br>D.C. No. CV-02-00149-LEK<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 17 2006

at 4 o'clock and 00 min. P M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 02/21/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 15 2006

by: _____
Deputy Clerk

3-14

**FILED**

**NOT FOR PUBLICATION**

FEB 21 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES FLOWERS, | No. 04-16026 |
| Plaintiff - Appellant, | D.C. No. CV-02-00149-LEK |
| v. | |
| SAUSE BROS., INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, Magistrate Judge, Presiding

Argued and Submitted February 14, 2006
Pasadena, California

Before: CANBY, KLEINFELD, and BERZON, Circuit Judges.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

A trial court's findings of facts are reviewed under a clearly erroneous standard.[1] This standard is highly deferential, and we affirm the trial court if its account of the evidence is plausible in light of the record.[2]

There is ample evidence in the record to support the magistrate judge's finding that it was a customary and safe procedure to use two seaman to manually retrieve the slack from a spring line during a jackknife procedure. Therefore, the magistrate judge's conclusion that Sause Brothers did not breach its duty to provide Flowers with a safe work environment was adequately supported,[3] as was her conclusion that the vessel was seaworthy.

**AFFIRMED.**

---

[1] Sec. Exch. Comm'n v. Rubera, 350 F.3d 1084, 1091 (9th Cir. 2003).

[2] Id. at 1094.

[3] See Ribitzki v. Canmar Reading & Bates, Ltd., 111 F.3d 658, 662 (9th Cir. 1997).

2